IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12 – 585 |
| JAMIL MURRAY | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Jamil Murray was a large-scale drug dealer and a pimp. After jury selection concluded in his trial, Murray accepted a C plea to 240 months imprisonment followed by 10 years supervised release after pleading to Counts One and Two of the Superseding indictment charging him with conspiring to distribute 280 grams or more of crack cocaine and possessing with intent to distribute 28 grams or more of crack cocaine. He also stipulated to a factual basis involving forcing JB to engage in commercial sex acts for his sole financial benefit.

I. **BACKGROUND**

On May 2, 2014, defendant pled guilty to Counts One and Two of a superseding indictment. Defendant is scheduled to be sentenced on March 16, 2015.

II. **THE PLEA AGREEMENT**

The plea agreement in this case involved ensuring that defendant's sentence run concurrent to any sentence given by the Pennsylvania State Parole Board on a pending parole violation. The parole violation is based on the facts leading to the instant indictment. The Parole Board has decided to forego pursuing their parole violation conditioned upon Murray being sentenced to 20 years imprisonment for this case.

1

II.     **SENTENCING CALCULATION**.

   A.   Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is lifetime imprisonment, a mandatory minimum 20 years imprisonment, a $28,000,000 fine, a mandatory minimum ten years supervised release up to lifetime supervised release, and a $200 special assessment.

   B.   Sentencing Guidelines Calculation.

The government is in receipt of the PSR and does not agree that it accurately assesses the guidelines calculations in this case. Regardless, the government is asserting, pursuant to the plea agreement, that a sentence of 240 months imprisonment is the appropriate sentencing in this case. However, had the Guidelines been calculated correctly, they would be calculated using a drug amount range of between 280 and 840 grams of crack cocaine which has a base offense level of 32. See USSG 2D1.1(c)(4). As a result of the C plea and defendant's status as a career offender this detail becomes less important. See footnote 1.

Defendant is a career offender. Therefore he has a criminal history category of VI. The resulting guideline range is 292 to 365 months. Note, had the defendant proceeded to trial and been convicted of Count One (as he plead guilty to) he would be facing mandatory lifetime incarceration.

III.    **ANALYSIS**.

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is a guideline range sentence.

---

1 It should be noted first that the defendant plead to a conspiracy involving greater than 280 grams of crack cocaine. The PSR doesn't acknowledge this fact when determining the appropriate base offense level. In addition, the government provided probation with law enforcement reports detailing defendant's extensive drug dealing supporting the conspiracy. Despite this the PRS reflect the government did not provide information on the amount of drugs involved in the case. The government disputes this representation.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[2]

---

[2] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

Consideration of the 3553(a) Factors.

The recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. Id.

Murray's criminal behavior is serious. He is directly responsible for disseminating drugs into our community. Drugs, like cocaine, have an immeasurable impact on a community and deteriorate neighborhoods, destroy lives, and are the cause of other crimes including violent offenses. Murray also admitted being a pimp who used drugs as a lure to force the victim JB into prostitution for Murray's sole financial benefit.

Murray has an extensive criminal history. Since his adolescence Murray has engaged in continuous criminal behavior interrupted only by periods of incarceration. Murray doesn't appear to have any marketable skills. Murray would benefit from a long period of incarceration where he can develop skills to use to obtain legitimate employment when ultimately released from prison.

It also seems quite evident nothing to date has deterred Murray from engaging in criminal behavior, not prison, not probation, not parole, not drug treatment, nothing. A significant sentence is warranted to deter Murray and others by demonstrating that serious, dangerous behavior has significant consequences.

IV.     **CONCLUSION**

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of imposing a sentence of 240 months imprisonment, the mandatory minimum, followed by 10 years supervised release.

                                          Respectfully submitted,

                                          ZANE DAVID MEMEGER
                                          United States Attorney


                                          _/s/ Sherri A. Stephan_____
                                          Sherri A. Stephan
                                          Assistant United States Attorney


March 13, 2015

# CERTIFICATE OF SERVICE

I certify that a copy of this sentencing memorandum was caused to be served by Sherri A. Stephan, Assistant United States Attorney, by electronic filing and email upon defense counsel:

David Zellis, Esquire

                                ___/s/ Sherri A. Stephan_____
                                Sherri A. Stephan
                                Assistant United States Attorney

Date: March 13, 2015